# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEVEN BOYCE and ALBERTO APONTE,

      Plaintiffs,

-vs-                                 Case No. 6:08-cv-2031-Orl-22GJK

SKYVISIONS, INC., d/b/a CABLE
CONNECTIONS and MICHAEL DURKIN,

      **Defendants.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 38)** |
| **FILED:** | **November 16, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs and Defendants jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 38.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.² Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.³ It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 6, 14, 19, 20, 32. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. Pursuant to 29 U.S.C. § 255(a), Plaintiff Steven Boyce originally claimed actual damages in the amount of $24,675.00 under the three (3) year statute of limitations and $16,186.80 under the two (2) year statute of limitations. Doc. No. 14 at 3.⁴ Plaintiff Alberto Aponte originally claimed actual damages of $16,458.75 under the three (3) year statute of limitations and $8,316.00 under the two (2) year

---

² From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

³This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

⁴ Pursuant to 29 U.S.C. § 255(a), a cause of action must be commenced within two years after the cause of action accrued, unless the cause of action accrues out of a willful violation, which may be commenced within three years after the cause of action accrued. 29 U.S.C. §255(a).

statute of limitations. *Id.* The Plaintiffs agreed to compromise their claims considering the Defendants' argument that Plaintiffs were exempt from the provisions of the FLSA and were entitled to no overtime compensation. Doc. No. 38 at 3. Thus, Plaintiffs were willing to discount their claims considerably to ensure some recovery. *Id.* The parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $5,500.00 as follows:

1. $1,500.00 payable to Plaintiff Steven Boyce;

2. $1,500.00 payable to Plaintiff Alberto Aponte; and

3. $2,500.00 payable to Plaintiff's counsel for attorneys' fees and costs.

Doc. No. 38 at 4. Plaintiff's counsel, C. Ryan Morgan, Esq., filed an affidavit and time sheet showing the total amount of time spent on the case and the individual who performed each task. Doc. No. 38-3. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| C. Ryan Morgan | 32.9 | $300.00 | $ 9,870.00 |
| Claudia Silva | 15.8 | $ 95.00 | $ 1,501.00 |
| **TOTAL** | **48.7** | | **$11,371.00** |

Doc. No. 38-3. After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable.

Although attorney Morgan seeks an hourly rate of $300.00 per hour, the undersigned has previously determined that a reasonable hourly rate for Mr. Morgan is $160.000 per hour. *See* Case No. 6:09-cv-210-Orl-31GJK (M.D. Fla. Dec. 1, 2009), Doc. Nos. 20, 23.[5] However,

---

[5] The Court noted:
> In a similar FLSA cases in Orlando Division, Mr. Morgan has been awarded a reasonable hourly rate far less than $300.00 per hour. In *Girke v. Camillo Home Builders of Orlando*, LLC, Case No.: 6:08-cv-461-Orl-28KRS, Doc. No. 12 (M.D. Fla. May 29, 2008), Mr. Morgan requested an hourly rate of $300.00 per hour. *Id.* However, Mr. Morgan was ultimately awarded a reasonable hourly rate of $145.00 per hour. *See Girke*, Case No.: 6:08-cv-461-Orl-28KRS, Doc. Nos. 13-14.[5] Moreover, in

attorney Morgan has been a member of the Florida Bar since 2005 and practicing law for more than four years. Accordingly, the Court recommends that an hourly rate of $200.00 per hour is a reasonable hourly rate. Thus, attorney Morgan's fees total $6,580.00. Paralegal Claudia Silva seeks $95.00 per hour, which this Court has found is a reasonable rate for paralegal services. *Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007).

Plaintiffs seek costs in the amount of $573.25 that are authorized in 28 U.S.C. § 1920. Doc. No. 38-3, ¶ 9. The costs claimed are reasonable. Thus, the total amount of attorneys' fees and costs incurred is $8,654.25 ($6,580.00 + 1,501.00 + 573.25). *Id.* However, the Agreement provides for discounted fees and costs totaling $2,000.00. Accordingly, the undersigned recommends that the Court find the total fees and costs requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

THEREON, it is RECOMMENDED that:

1. The Motion (Doc. No. 38) be GRANTED only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

---

*Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. No. 61 at 3 (M.D. Fla. Jan. 8, 2007), the Court specifically noted that a $300.00 hourly rate for FLSA cases was "far greater than those usually awarded in this District for like work. . . ." *Id.* Thus, considering the Orlando market, the complexity of the work, and Mr. Morgan's fee awards in similar cases, the undersigned recommends that the Court find that a reasonable hourly rate of $160.00 for Mr. Morgan is appropriate.

*Id.* at Doc. No. 20 at 6-7.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 12, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record